IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**RODZINSKI WEEKLY**                                                        **PLAINTIFF**

**VS.**                                            **CIVIL ACTION NO.: 3:20-CV-146-MPM-RP**

**TALLAHATCHIE COUNTY SHERIFF'S OFFICE
and SHERIFF JIMMY D. FLY, JR., IN HIS
OFFICIAL AND INDIVIDUAL CAPACITY**                      **DEFENDANTS**

## ANSWER AND DEFENSES

COMES NOW Jimmy D. Fly, Jr., Defendant and Sheriff of Tallahatchie County, Mississippi, on behalf of himself and the Tallahatchie County Sheriff's Office, by and through counsel, and files this his Answer and Defenses to the Complaint exhibited against him in this cause, affirmatively averring that he is not liable to Plaintiff for any sum or form of relief whatsoever, and further shows unto the Court as follows, to-wit:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should, accordingly, be dismissed under and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

Without waiving any defense herein elsewhere asserted, inasmuch as Plaintiff asserts state law claims in the Complaint, this defendant affirmatively avers that this matter is exclusively governed by all and singular of the provisions of the Mississippi Tort Claims Act, including but not limited to non-jury trial, employee immunity, statutes of limitations, notice requirements, non-liability for the actions of independent contractors, exemptions from liability,

1

limits of liability, and sovereign immunity contained therein, all of which are invoked, plead and asserted herewith.

### THIRD DEFENSE

Without waiving any defense herein elsewhere asserted, this Defendant affirmatively avers that the doctrine of qualified immunity prohibits any recovery by Plaintiff herein.

### FOURTH DEFENSE

Without waiving any defense herein elsewhere asserted, this Defendant affirmatively avers that Plaintiff's damages and injuries, if any, are the proximate result of his own actions, be they negligent or intentional, for which this Defendant is not and cannot be liable.

### FIFTH DEFENSE

Without waiving any defense herein elsewhere asserted, Defendant affirmatively avers that the "Tallahatchie County Sheriff's Office" is not a suable entity and should, accordingly, be dismissed as a Defendant herefrom.

### SIXTH DEFENSE

Without waiving any defense herein elsewhere asserted, this Defendant affirmatively avers that some or all of Plaintiff' claims are barred by sovereign immunity.

### SEVENTH DEFENSE

Without waiving any defense herein elsewhere asserted, this Defendant affirmatively pleads all applicable statutes of limitation.

### EIGHTH DEFENSE

Without waiving any defense herein elsewhere asserted, this Defendant affirmatively avers that no violation of any Constitutional right of Plaintiff occurred as mentioned in the Complaint, and Plaintiff cannot therefore recover any sum or form of relief from this Defendant.

## NINTH DEFENSE

Without waiving any defense herein elsewhere asserted, this Defendant affirmatively avers that this suit is against him in his official capacity and, as such, should be treated as a suit against Tallahatchie County, Mississippi.

## TENTH DEFENSE

Without waiving any defense herein elsewhere asserted, this Defendant affirmatively avers that Plaintiff's employment with the Tallahatchie County Sheriff's Department was, at all times, *at will*, subject to termination at any time by Plaintiff or Tallahatchie County, Mississippi, or Jimmy Fly, as Sheriff. Plaintiff neither has nor had any proprietary right in his employment with Tallahatchie County, Mississippi, was not employed by Jimmy Fly, Sheriff of Tallahatchie County, Mississippi, and cannot recover of, from or against Defendant for any alleged wrongful termination thereof.

## ELEVENTH DEFENSE

Without waiving any defense herein elsewhere asserted, this Defendant affirmatively avers that Plaintiff suffered no monetary loss whatsoever from his termination as a Deputy Sheriff of Tallahatchie County, Mississippi, and cannot recover therefor from this Defendant.

## TWELTH DEFENSE

Without waiving any defense herein elsewhere asserted, this Defendant affirmatively avers that Plaintiff's termination from the employ of Tallahatchie County, Mississippi, was the sole result of Plaintiff's own conduct, for which he cannot recover any sum or form of relief whatsoever from this Defendant.

## THIRTEENTH DEFENSE

Without waiving any defense herein elsewhere asserted, this Defendant repeats herein all and singular of the foregoing *Answer and Defenses* as if fully set forth herein in words and figures, incorporating the same herein by reference for all purposes, and denies that Plaintiff is entitled to recover any sum or form of relief whatsoever from this Defendant, and for answer to the Complaint, paragraph by paragraph, shows unto the Court as follows:

1. Defendant admits the allegations contained in paragraph 1 of the Complaint.

2. Defendant denies the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits that he, at all times mentioned in the Complaint, was acting only in his official capacity as Sheriff of Tallahatchie County, Mississippi, that he was and is an employee and elected official of Tallahatchie County, Mississippi, and admits that he may be served at the address given in paragraph 3 of the Complaint, that being the address of the Tallahatchie County Sheriff's Office. Defendant denies the rest and remainder of paragraph 3 of the Complaint.

4. Defendant admits that this Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1331, but denies that 28 U.S.C. §1343(a)(3) is applicable to this action or confers any jurisdiction upon this Court.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits that Plaintiff was employed by Tallahatchie County, Mississippi, as a deputy sheriff for 15 years. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the remainder of paragraph 7 of the Complaint, and therefore denies same.

4

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant admits that he won the election for Sheriff, but denies that Plaintiff was his only opponent in the race for that office that culminated in the November 5, 2019, election.

12. Defendant admits that, on or about November 22, 2019, all personnel of the Tallahatchie County Sheriff's Office were advised that all would be terminated and, if they so desired, could re-apply for employment with that office. Defendant admits that Plaintiff was one of the personnel so informed. Defendant denies the rest and remainder of paragraph 12 of the Complaint.

13. Defendant admits that Plaintiff submitted an application for employment with Tallahatchie County as a Deputy Sheriff, and that the date thereon is November 21, 2019; the rest and remainder of paragraph 13 is denied.

14. Defendant denies paragraph 14 of the Complaint as phrased, but admits that Plaintiff was not re-hired.

15. Defendant admits that all deputy sheriff's of the Tallahatchie County Sheriff's Office received termination letters on November 25, 2019; Defendant denies the rest and remainder of paragraph 15 of the Complaint.

16. Defendant denies that Plaintiff was not given an opportunity to interview, but admits that Plaintiff was not re-hired because he showed up for his interview 20 minutes late. Defendant admits that all deputies who applied for re-hire were hired. Defendant denies that Plaintiff's termination and his decision not to re-hire Plaintiff had anything whatsoever to do with the election. Defendant denies the rest and remainder of Paragraph 16 of the Complaint.

17. Defendant admits that Plaintiff was not reprimanded or suspended by Sheriff William Brewer or by Defendant while Plaintiff was a deputy sheriff for Tallahatchie County, Mississippi; Defendant denies the rest and remainder of paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant incorporates herein by references for all purposes all and singular of his admissions, denials and affirmative averments set forth hereinabove.

20. Defendant admits that Plaintiff's constitutional rights are protected by law and cannot be unlawfully withheld or breached. Defendant denies the rest and remainder of paragraph 20 of the Complaint as phrased.

21. Defendant admits that a deputy sheriff is a non-policymaker; Defendant denies that Plaintiff's termination had anything whatsoever to do with political allegiance, and denies the rest and remainder of paragraph 21 of the Complaint, as phrased.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies that he deprived Plaintiff of any constitutional right, and denies the allegations as phrased in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies that Plaintiff is entitled to attorneys fees or any other sum or form of relief whatsoever from this Defendant, and denies the rest and remainder of paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint and moves to strike same.

28. Defendant denies each and every allegation and averment contained in that certain unnumbered paragraph of the Complaint beginning with the word "WHEREFORE", and re-asserts herein that Plaintiff is not entitled to recover any sum or form of relief whatsoever of, from or against this Defendant.

29. Defendant denies each and every allegation and averment contained in the Complaint and not heretofore admitted or denied.

AND NOW, having asserted his defenses and answered the Complaint exhibited against him, Defendant prays that the Court would enter its order dismissing Plaintiff's Complaint in all of its particulars, with prejudice, and would further assess all costs accrued herein unto Plaintiff; further, that this Court would enter its Order awarding Defendant his attorneys fees.

This the 12th day of June, 2020.

    Respectfully submitted,

    Tallahatchie County Sheriff's Office
    and Sheriff Jimmy D. Fly, Jr.
    Defendants

    By:/s/*Robert J. Dambrino III*
    Robert J. Dambrino III, Esq. (MB#5783)

Of Counsel:

GORE, KILPATRICK & DAMBRINO PLLC
Attorneys at Law
P.O. Box 901
Grenada, MS 38902-0901
Ph.    662.226.1891
Fx.    662.226.2237
Eml.   rdambrino@gorekilpatrick.com

\

7

CERTIFICATE OF SERVICE

I, Robert J. Dambrino, III, hereby certify that on the 12th day of June, 2020, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

>James David Harper
>Harper Little, PLLC
>800 College Hill Road, #5201
>P.O. Box 3150
>Oxford, MS 38655
>james@harperlittlelaw.com
>
>Attorney for Plaintiff

THIS the 12th day of June, 2020.

*/s/Robert J. Dambrino III*
Robert J. Dambrino III (MB#5783)